IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES RZEPLINSKI,

                         Plaintiff,

    v.

SCOTT WALKER, ED WALL, JAMES GREER,
DEBBIE TIDQUIST, TAMMY MAASEN,
CHERYL MARSOLEK, GREGORY KREYER,
LIZZIE TEGELS, JODI DOUGHERTY,
JODI DEROSA, SCOTT BARTON,
DIVISION OF ADULT INSTITUTIONS ADMINISTRATOR,
BUREAU OF PROGRAM SERVICE DIRECTOR, and
DIVISION OF ADULT INSTITUTIONS SECURITY CHIEF,

                         Defendants.

OPINION & ORDER

15-cv-480-jdp

---

    Plaintiff James Rzeplinski is an inmate at the Jackson Correctional Institution (JCI) who has hepatitis C. He brings claims against various JCI and high-level state officials regarding his removal from a program to treat his hepatitis C, as well as their refusal to reinstate him into that program or provide him with other treatment.

    Because plaintiff is a prisoner seeking relief from government employees, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

    After considering plaintiff's allegations, I will deny him leave to proceed on some of his claims because he has failed to exhaust his administrative remedies with regard to those alleged violations of his rights. I will dismiss the remainder of plaintiff's complaint for his

failure to comply with Federal Rule of Procedure 8, but I will give him an opportunity to submit an amended complaint that more clearly explains the basis for his claims. Plaintiff has also filed a motion for the court's assistance in recruiting him counsel, which I will deny without prejudice.

Most of plaintiff's allegations were considered in a previous case, *Rzeplinski v. Marsolek*, 14-cv-41-jdp. In that case, plaintiff alleged that he was transferred to JCI to be part of a pilot program to treat hepatitis C, but that he was removed from the program after a discussion with defendant Nurse Cheryl Marsolek about the high-fat meals that were served as part of the program. Plaintiff contended that he was terminated from the program without a good reason, the defendants in that case would not place him back in the program, and he was given no other treatment in its place. *See* Dkt. 5 in the '41 case.

The bulk of plaintiff's complaint reiterates those allegations. The problem for plaintiff is that the '41 case was dismissed without prejudice for his failure to exhaust his administrative remedies:

> In the present case, the facts are not disputed. Defendants argue that plaintiff did not file an inmate grievance about his hepatitis C treatment before filing this lawsuit. They note that in his complaint, plaintiff acknowledged that he never filed a formal grievance through the ICRS procedure but rather sent a letter he terms a "complaint by law" directly to the DOC secretary. Dkt. 1, at 16. The secretary's office received this letter on December 5, 2013. DOC Bureau of Health Services staff member Jodi DeRosa responded to plaintiff in a letter dated January 13, 2014, stating [that plaintiff should instead complaint to health staff and then file a grievance].
>
> Plaintiff's failure to file an administrative grievance through the ICRS procedure even after being told to do so by DeRosa suffices to show that he failed to exhaust his administrative grievances. Plaintiff contends that he either exhausted his remedies, or should be excused from the requirement, because he filed a "complaint of law" . . . . But it is well-settled that the

> state can dictate the process for administrative exhaustion and failure to comply with that process results in a failure to exhaust. *See, e.g., Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Plaintiff's "complaint of law" did not follow the state's procedures and is thus did not serve to exhaust plaintiff's administrative remedies.

Dkt. 37 in the '41 case, at 4-6 (footnote omitted).

Plaintiff now states that following the dismissal of his case, he filed grievances about his removal from the program, but that they were rejected for being filed too late after the alleged violation of his rights. *See* Wis. Admin. Code § 301.11(5)(d) (grievance may be rejected where "inmate submitted the complaint beyond 14 calendar days from the date of the occurrence giving rise to the complaint and provides no good cause for the ICE to extend the time limits"). As part of the voluminous attachments to his complaint, plaintiff attaches some of the rejection notices generated as part of the litigation of those grievances, which support his explanation. Dkt. 1-1, at 52-57.

Unfortunately for plaintiff, his complaint and attached exhibits make clear that he failed to exhaust his administrative remedies for those actions. *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). (Judges do not generally entertain affirmative defenses when conducting screening of complaint, but may do so "if [an affirmative defense] is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous."). Compliance with a state's administrative procedures requires following instructions for filing the initial grievance "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Because plaintiff did not file a timely grievance about his removal from the program, he may

not proceed with any claims about his removal. His untimely grievances do not open the door to bring a claim in federal court.

That does not necessarily mean that plaintiff is barred from bringing claims about his *follow-up* care for hepatitis C. From his complaint and attached exhibits, it is clear that he wishes to bring claims about the ongoing denial of adequate care, including the denial of his requests for reinstatement into the pilot program, as opposed to his actual removal from the program. But Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Plaintiff's complaint itself contains almost no explanation about his efforts to obtain treatment following the events that were the subject of the '41 complaint. Plaintiff submits more than 70 pages of attachments showing some of his efforts and responses by prison officials, but defendants cannot be expected to file an answer responding to a stack of documents. Plaintiff needs to explain in the body of his complaint what each defendant did to violate his rights.

Because plaintiff's allegations about his follow-up care do not comply with Rule 8, I will dismiss those portions of his complaint. However, I will give plaintiff a chance to file an amended complaint in which he sets out his claims against each of the defendants in short and plain statements. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who

4

committed those acts; and (4) what relief he wants the court to provide. When he files his amended complaint, Plaintiff does not need to refile any of the attachments he has already submitted in this case.

Plaintiff has also filed a motion for the court's assistance in recruiting him counsel, but it is premature to consider such a request. There is no reason to think that plaintiff needs counsel to amend his complaint. The case has not even passed the relatively early stage at which defendants may file a motion for summary judgment based on exhaustion of administrative remedies. Should the case pass the exhaustion stage, and should plaintiff continue to believe that he is unable to litigate the suit himself, then he may renew his motion. If he chooses to do so, he should attach to his motion documentation that he has requested assistance from at least three firms or attorneys, and that these requests have been unsuccessful.

ORDER

IT IS ORDERED that:

1. Plaintiff James Rzeplinski is DENIED leave to proceed on claims that he was removed from a hepatitis C pilot program. Those claims are DISMISSED for plaintiff's failure to exhaust his administrative remedies.

2. The remainder of plaintiff's complaint is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

3. Plaintiff may have until February 9, 2016, to file an amended complaint addressing the problems articulated in this opinion. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case for plaintiff's failure to state a claim upon which relief may be granted.

4. Plaintiff's motion for the court's assistance in recruiting counsel, Dkt. 4, is DENIED without prejudice to plaintiff renewing his motion later in this case.

Entered January 19, 2016.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge