IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES RZEPLINSKI,

                Plaintiff,

  v.

SCOTT WALKER, ED WALL, JAMES GREER,
DEBBIE TIDQUIST, TAMMY MAASEN,
CHERYL MARSOLEK, GREGORY KREYER,          OPINION & ORDER
LIZZIE TEGELS, JODI DOUGHERTY,
JODI DEROSA, SCOTT BARTON,                   15-cv-480-jdp
DIVISION OF ADULT INSTITUTIONS
ADMINISTRATOR,
BUREAU OF PROGRAM SERVICE DIRECTOR, and
DIVISION OF ADULT INSTITUTIONS SECURITY
CHIEF,

                Defendants.

---

Plaintiff James Rzeplinski is an inmate at the Jackson Correctional Institution (JCI) who has hepatitis C. In this case, plaintiff brought Eighth Amendment claims against various JCI and high-level state officials regarding his removal from a program to treat his hepatitis C, as well as their refusal to reinstate him into that program or provide him with other treatment. In a January 19, 2016, order, I screened plaintiff's complaint and dismissed much of it for being duplicative to another recent case he filed, in which I concluded that he failed to exhaust his administrative remedies:

> Most of plaintiff's allegations were considered in a previous case, *Rzeplinski v. Marsolek*, 14-cv-41-jdp. In that case, plaintiff alleged that he was transferred to JCI to be part of a pilot program to treat hepatitis C, but that he was removed from the program after a discussion with defendant Nurse Cheryl Marsolek about the high-fat meals that were served as part of the program. Plaintiff contended that he was terminated from the program without a good reason, the defendants in that case would not

> place him back in the program, and he was given no other treatment in its place. *See* Dkt. 5 in the '41 case.
>
> The bulk of plaintiff's complaint reiterates those allegations. The problem for plaintiff is that the '41 case was dismissed without prejudice for his failure to exhaust his administrative remedies . . . .

Dkt. 6, at 2. Plaintiff brought new allegations that he later attempted to file grievances about his removal from the hepatitis C program, but they were denied as untimely. I concluded that plaintiff's untimely grievances were insufficient to overcome his initial failure to exhaust his claims, so he could not bring those exhausted claims in a new lawsuit.

But plaintiff also appeared to bring claims about defendants' refusal to reinstate him into the program or provide him with other treatment. The problem with plaintiff's claims regarding follow-up care is that he provided almost no information about the treatment he received or failed to receive. I dismissed that portion of the complaint under Federal Rule of Civil Procedure 8 and gave plaintiff a chance to file an amended complaint explaining his claims about follow-up treatment. *Id*.

Plaintiff has responded with an amended complaint, Dkt. 7, that does not provide the information I asked for. By far the most detailed portion of the amended complaint is the part where plaintiff rehashes the incident in which he was terminated from the hepatitis C program and his communications with defendants in the immediate aftermath of that termination. But those are the events that I have already concluded cannot support constitutional claims because plaintiff failed to exhaust his administrative remedies about them. Plaintiff has failed to explain what happened *after* those events regarding his hepatitis C treatment. The amended complaint therefore fails to comply with Rule 8 just as the original complaint did.

I will give plaintiff a final chance to explain the basis for his claims. He should explain the following in short and plain statements:

- When did he ask for reinstatement to the hepatitis C program? Who did he ask for reinstatement? How did they respond?

- What other medical care did he receive for hepatitis C? What medical professionals did plaintiff see about this illness, and how did they choose to treat him?

- How has the lack of adequate treatment harmed plaintiff?

- What does he want each of the named defendants to do differently to adequately treat him?

If plaintiff does not submit an amended complaint by the deadline set forth below, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

Plaintiff has also renewed his previous request for assistance in recruiting counsel. He attaches to his new motion three letters from attorneys who have declined to represent him, which indicates that plaintiff has made reasonable efforts to locate outside counsel and failed. But I will deny his new motion for the same reason I denied the previous one: There is no reason to think that plaintiff needs counsel to amend his complaint, and the case has not even passed the relatively early stage at which defendants may file a motion for summary judgment based on exhaustion of administrative remedies.

ORDER

IT IS ORDERED that:

1. Plaintiff James Rzeplinski's amended complaint, Dkt. 7, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until August 11, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I

3

will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted.

3. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 8, is DENIED without prejudice.

Entered July 21, 2016.

                                        BY THE COURT:

                                        /s/

                                        _____

                                        JAMES D. PETERSON
                                        District Judge